UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| MAURICE THOMPSON | ) | |

## ORDER

Pending before the Court is Defendant Maurice Roger Thompson's Motion to Revoke Order of Detention (Docket No. 893) and Memorandum of Law in Support (Docket No. 894). The Government has filed a Response in Opposition (Docket No. 896). For the reasons stated herein, the Motion to Revoke Order of Detention (Docket No. 893) is DENIED.

By Order (Docket No. 174) entered on October 18, 2011, Magistrate Judge Knowles detained the Defendant based on clear and convincing evidence that there were no conditions or combination of conditions that could be imposed that would reasonably assure (1) the safety of other persons and the community or (2) the appearance of the Defendant if he was released.

Defendant filed a Motion to Reconsider Detention Order and Reopen the Detention Hearing (Docket No. 395) on May 9, 2012. Magistrate Judge Knowles granted the Motion by Order (Docket No. 398) entered on May 10, 2012 and held a second detention hearing on May 16, 2012. Magistrate Judge Knowles then entered a second Order (Docket No. 411) detaining the Defendant.

Defendant filed a pro se Motion to Appeal (Docket No. 867), which was denied without prejudice to being refiled by counsel by Order (Docket No.868) entered on October 19, 2012.

Counsel for Defendant has now filed a Motion to Revoke Order of Detention (Docket No. 893), which is an appeal of both of the Detention Orders (Docket Nos. 174 and 411). Defendant asserts there are conditions, including supervision by a third-party custodian and electronic monitoring, which can be imposed which will assure that the Defendant is not a risk of flight or a danger to the community.

The Government, in its Response (Docket No. 896), opposes the Motion to Revoke Order of Detention on two grounds. First, the time to appeal has elapsed.[1] Second, there is no basis to reopen the question of bond or reconsideration of the two decisions of the Magistrate Judge finding the Defendant a flight risk and danger to the community.

The Court has made a de novo review of the two Detention Orders (Docket Nos. 174 and 411). The Court has carefully reviewed the file and has listened to recordings of the detention hearings held on October 18, 2011, and May 16, 2012 before Magistrate Judge Knowles.

The Court finds, based on its de novo review of the file, briefs and recordings of the detention hearings, that the Magistrate Judge's factual findings are supported and that the Magistrate Judge's legal conclusions are correct regarding the need for detention of the Defendant. The Court adopts the Magistrate Judge's Orders (Docket Nos. 174 and 411) of detention filed on October 18, 2011 and May 16, 2012. See U.S. v. King, 849 F.2d 485, 490 (11th Cir. 1988).

---

[1] Fed. R. Crim. P. 59(a): "A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets....Failure to object in accordance with this rule waives a party's right to review."

The Court finds by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of other persons and the community. 18 U.S.C. § 3142(e).

The Court finds by a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant if he was released. 18 U.S.C. § 3142(e).

The Court notes that there is a presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3). The presumption in favor of detention imposes only a "burden of production" on the Defendant and the Government retains the "burden of persuasion." U.S. v. Stone, 608 F.3d 939, 945 (6th Cir. 2010). Even when a Defendant satisfies his burden of production, however, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among these weighed by the Court. Id.

In this case, the Court agrees with the Magistrate Judge that there is "little reason to believe that Defendant would abide by any conditions that might be placed on him." (Docket No. 411, p.3). For instance, the Defendant has a conviction for "bail jumping" and his probation has been revoked five times. Defendant's brother testified Defendant has sold crack cocaine. (See also Docket No. 410, Ex. 1). Defendant gave a statement to the FBI wherein he admitted he was a member of the Vice Lords gang (Docket No. 894, p. 1; Docket No. 410, Ex. 2) and made drug transactions with Vice Lords. The location where Defendant sought to reside has been "shot up" because of a dispute between the Vice Lords and Ganster Disciples gangs. Finally, Defendant's brother, a Vice Lord gang member, currently resides at that location. (Docket Nos. 174 and 411).

Defendant's Memorandum (Docket No. 894, p. 7) states that Beatrice Nelson, "a responsible citizen with no criminal records," has now agreed to serve as a third-party custodian and will obtain equipment for electronic monitoring. On that basis, Defendant requests a third detention hearing.

The Court finds that the Defendant has not provided new information, through the proposed third-party custodian or otherwise, with a sufficient material bearing on the safety and flight issues to warrant a third detention hearing or the reversal of the Magistrate Judge's Detention Orders (Docket Nos. 174 and 411). 18 U.S.C. § 3142(f)(2). Moreover, Defendant has not adequately explained why the proposed new third-party custodian was not known at the time of either of the two prior detention hearings. 18 U.S.C. § 3142(f)(2).

For the reasons stated above, Defendant Maurice Roger Thompson's Motion to Revoke Order of Detention (Docket No. 893) is DENIED.

IT IS SO ORDERED.

                                         _____
                                         TODD J. CAMPBELL
                                         UNITED STATES DISTRICT JUDGE