UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| MAURICE ROGER THOMPSON | ) | |

ORDER

The Court held a Pretrial Conference in this case on February 1, 2013. At the Pretrial Conference, the Court ruled on the following pending motions as set forth herein:

In the First Motion In Limine Regarding Corrupt Law Enforcement Officer, John Edwards (Docket No. 728), and Supplemental Motion In Limine Regarding Corrupt Law Enforcement Officer, John Edwards (Docket No. 1000), the Government seeks to exclude any evidence and argument regarding former Wilson County Sheriff's Deputy John Edwards' participation in the investigation of Defendant Thompson. In his Response (Docket No. 1085), the Defendant argues that evidence regarding Mr. Edwards may become relevant at trial, and indicates that defense counsel will alert the Court outside the presence of the jury if he believes such evidence has become relevant. The Government's Motion is GRANTED. Provided, however, that the Defendant may move for reconsideration of this ruling outside the presence of the jury if he believes such evidence has become relevant.

In its Sixth Motion In Limine Regarding Anticipated Character Evidence (Docket No. 999), the Government requests that the Defendant be required to comply with applicable law regarding the introduction of character evidence, and that it be allowed to conduct impeachment or introduce evidence in response to such character evidence. In his Response (Docket No. 1097), the Defendant indicates that he intends to comply with applicable law on the introduction

of character evidence at the trial. Accordingly, the Government's Motion is DENIED, as moot. The Government may raise any contemporaneous objection to the introduction of specific character evidence at trial.

Through the Ninth Motion In Limine To Introduce Prior Conviction For Criminal Impersonation (Docket No. 1049), the Government seeks to impeach the Defendant with his prior conviction for criminal impersonation if he elects to testify. In his Response (Docket No. 1098), the Defendant requests that the Court reserve ruling on the issue pending the conclusion of the Government's proof. Under these circumstances, the Court RESERVES ruling on the Government's Motion until the conclusion of the Government's proof, and the Defendant's decision to testify.

In a prior Order (Docket No. 839), the Court ruled on the Government's Second Motion In Limine Regarding Impeachment Of Testifying Witnesses (Docket No. 729), and that ruling also applies to Defendant Thompson.

At the Pretrial Conference, the Defendant indicated that his Motion To Establish Time And Place To Review Physical Evidence (Docket No. 1050) was MOOT.

Defendant shall have an extension of time until February 15, 2013 in which to file proposed jury instructions and a verdict form.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE